```
           UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
           Criminal No. 06-285(1)(DSD/RLE)
```

United States of America,

        Plaintiff,

v.                                                **ORDER**

Timothy Paul Peroceski,

        Defendant.

This matter is before the court upon defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Based upon a review of the file, record and proceedings herein, defendant's motion is denied.

**BACKGROUND**

On October 17, 2006, defendant Timothy Paul Peroceski pleaded guilty to possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On February 1, 2007, the court, applying a two-level enhancement to defendant's offense level for possession of a firearm pursuant to United States Sentencing Guidelines § 2D1.1(b)(1), sentenced defendant to 121 months

---

[1] Defendant has filed various other related motions that are disposed of below.

imprisonment. Defendant challenged the firearm enhancement on appeal, and the Eighth Circuit affirmed defendant's sentence on March 28, 2008. See United States v. Peroceski, 520 F.3d 886 (8th Cir. 2008). Defendant now moves to vacate, set aside or correct the court's sentence.

## DISCUSSION

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by the court. 28 U.S.C. § 2255; see also United States v. Addonizio, 442 U.S. 178, 185 (1979); Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997). Collateral relief is considered an extraordinary remedy. See Bousley v. United States, 523 U.S. 614, 621 (1998). Defendant's sole challenge to the legality of his sentence is the alleged unconstitutionality of the statute conferring jurisdiction in the federal district courts over "all offenses against the laws of the United States." 18 U.S.C. § 3231.

As an initial matter, defendant is procedurally barred from raising this issue for the first time in this collateral proceeding because he has not shown cause for failing to raise the issue on direct appeal. See Boyer v. United States, 988 F.2d 56, 57 (8th Cir. 1993) (per curiam) ("[A] claim which could have been presented on direct appeal is not considered in a section 2255 proceeding

absent a showing of cause for the failure to raise the issue and actual prejudice from that failure." (citation omitted)). However, even if defendant could properly raise the issue, his argument is frivolous.

Defendant specifically argues that § 3231 was not passed in conformance with the bicameralism requirement of the United States Constitution. See U.S. Const. art. I, § 7, cl. 2. Numerous courts have considered and rejected this precise argument. See Cardenas-Celestino v. United States, Civ. No. 08-224, Crim. No. 05-193, 2008 U.S. Dist. LEXIS 38873, *7-15 (W.D. Mo. May 7, 2008) (gathering cases); see also United States v. Potts, 251 Fed. Appx. 109, 111 (3d Cir. 2007) (section 3231 "was properly enacted and is binding"). Indeed, the Seventh Circuit recently ordered an attorney to "show cause why he should not be sanctioned for professional misconduct" for making such an argument. United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007). In light of the unanimity of case law rejecting defendant's argument, the court determines that § 3231 was properly enacted. Therefore, the court will not vacate, set aside or correct defendant's conviction.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's pro se motions to vacate, set aside or correct sentence [Doc. Nos. 62, 63] are denied.

   2.   Defendant's pro se motion to compel discovery [Doc. No. 74] is denied.

   3.   Defendant's pro se motion [Doc. No. 75] to withdraw his motion for injunctive relief [Doc. No. 73] is granted.

   4.   Defendant's pro se motion for extension of time to file response/reply [Doc. No. 76] is denied as moot.

   5.   Defendant's pro se motion for dismissal [Doc. No. 78] is denied.

   6.   Defendant's pro se motion for default judgment [Doc. No. 79] is denied.

   7.   Defendant's pro se motion to appoint counsel [Doc. No. 81] is denied.

Dated:  July 10, 2008

                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court